UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY TODD BARNES,

                    Petitioner,                    Case No. 1:09-cv-554

v.                                         Honorable Janet T. Neff

BLAINE LAFLER,

                    Respondent.
_____/

### OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      Factual allegations

Petitioner Jeffery Todd Barnes presently is incarcerated at the Carson City Correctional Facility.  Following a jury trial, Petitioner was convicted in the St. Joseph County Circuit Court of four counts of first-degree criminal sexual conduct (CSC-I), MICH. COMP. LAWS § 750.520b(1), including two counts under subsection (a) (victim under 13 years), and two counts under subsection (b) (victim related by blood or affinity); and one count of second-degree CSC (CSC-II), MICH. COMP. LAWS § 750.520c(1)(b) (victim related by blood or affinity).  He was sentenced on April 29, 2004 as a second felony offender, MICH. COMP. LAWS § 769.10, to life imprisonment on each of the four CSC-I offenses and 15 to 22½ years' imprisonment on the CSC-II offense.

Petitioner moved for a new trial, which was denied.  Petitioner then appealed to the Michigan Court of Appeals.  The brief filed by counsel raised four issues: (1) violation of the Michigan 180-day rule and the right to a speedy trial; (2) insufficient evidence on the two CSC counts involving fellatio; (3) improper reliance at sentencing on Petitioner's failure to admit guilt; and (4) the sentence of 15 to 22 ½ years on the CSC-II did not reflect the actual sentence stated at the sentencing hearing, 10 to 15 years.  Petitioner also filed a *pro per* supplemental brief in which he raised seven separate claims of ineffective assistance of counsel: (1) failure to move to suppress a statement obtained in violation of his Fifth Amendment rights; (2) failure to move to suppress a statement obtained in violation of the Fourth Amendment; (3) failure to object to improper hearsay that bolstered the complaining witness; (4) failure to move to limit the prosecution expert's testimony; (5) failure to consult with or call a defense expert (and the trial court abused its discretion in denying the motion for new trial on this issue); (6) failure to suppress or object to the use of

MICH. R. EVID. 404(b) evidence; and (7) failure to move for a mistrial or object to the use of suppressed evidence.

The Michigan Court of Appeals affirmed the conviction but remanded for resentencing on June 19, 2007. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same issues. The supreme court denied leave to appeal on March 24, 2008. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court. Petitioner was resentenced on October 10, 2008. Petitioner appealed his new sentence, and that appeal remains pending.

On February 2, 2009, Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.500 in the St. Joseph County Circuit Court. In his motion, Petitioner raised nine issues: (1) ineffective assistance of appellate counsel in failing to properly argue the denial of speedy trial under the constitution and state law; (2) denial of his right to self-representation; (3) prosecutorial misconduct in misrepresenting the evidence during rebuttal argument; (4) prosecutorial misconduct in knowingly presenting perjured testimony; (5) ineffective assistance of trial counsel in seven additional ways not raised on direct appeal; (6) ineffective assistance of counsel in failing to demand a *Ginther* hearing during the hearing on the motion for new trial; (7) ineffective assistance of appellate counsel in failing to raise the issues presented in Petitioner's *pro per* supplemental brief and failing to move to remand for an evidentiary hearing on those issues; (8) ineffective assistance of appellate counsel establishes good cause for failing to present the issues on direct appeal; and (9) the cause and prejudice standard of MICH. CT. R. 6.508(D)(3) does not apply to Petitioner's first post-conviction motion. The motion for relief from judgment was denied on February 10, 2009. Petitioner has not yet sought leave to appeal to the Michigan Court of Appeals.

In his habeas petition, Petitioner raises twelve grounds, some of which were raised in his direct appeal, some in his motion for relief from judgment, and some in neither.[1]  Ground I of the petition raises all seven of the ineffective assistance of counsel claims raised on direct appeal. Ground II raises a claim under *Blakely v. Washington*, 542 U.S. 296 (2004).  Ground III argues that Petitioner was denied due process when the trial court exceeded the sentencing guidelines.  Ground IV claims that the trial court violated the Ex Post Facto Clause in assessing costs. Ground V argues that he received ineffective assistance of counsel when his attorney failed to raise the issues set forth in Grounds III and IV of the petition.  In Ground VI, Petitioner argues that counsel was ineffective in failing to properly argue the speedy trial claims.  Ground VII argues that Petitioner was denied his right to self-representation.   Ground VIII raises the claim that the prosecutor committed misconduct in presenting his rebuttal argument.  In Ground IX, Petitioner argues that the prosecutor committed misconduct by knowingly presenting perjured testimony.  In Ground X, Petitioner raises the seven claims of ineffective assistance of counsel he raised in his motion for relief from judgment. Ground XI alleges the ineffective assistance of counsel in failing to demand a *Ginther* hearing during the hearing on the motion for new trial.  Finally, in Ground XII, Petitioner argues that the ineffective assistance of counsel constitutes cause for failing to raise the claims raised in his post-conviction motion on direct appeal and that he is not barred by MICH. CT. R. 6.508(D)(3) because he has filed only one post-conviction motion.

## II.   Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

---

[1]Petitioner indicates that he raised Grounds II, III and IV on appeal, though he does not include the grounds in his list of claims raised on his first direct appeal.  The Court assumes that Petitioner has raised those arguments in his appeal from his resentencing, which remains pending.

-4-

842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts

have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's

constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77

(1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4,

6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513

U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review

process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue

*sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.

*See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994).  Petitioner acknowledges that he has not fully exhausted all of the claims in his

petition.  He asks this Court to stay his petition while he completes the exhaustion of his claims.

An applicant has not exhausted available state remedies if he has the right under state

law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner

has at least one available procedure by which to raise the issues he has presented in this application.

He may file an application for leave to appeal from the denial of his motion for relief from judgment.

He also may complete his direct appeal from his resentencing.  Therefore, the Court concludes that

he has more than one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his

petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to

dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on March 24, 2008. His case was remanded for resentencing, which was completed on October 10, 2008. He has filed an appeal from the new sentence, which remains pending. As a consequence, Petitioner's conviction is not yet final and will not become final until the Michigan Supreme Court has completed review and the ninety-day period in which he could seek review in the United States Supreme Court has expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Thereafter, absent tolling, Petitioner will have one year in which to file his habeas petition. Moreover, assuming Petitioner seeks leave to appeal the denial of the motion to both the Michigan Court of Appeals and the Michigan Supreme Court, and further assuming that his post-conviction motion remains pending once his direct appeal is final, the running of the one-year period will be tolled until the Michigan Supreme Court completes review.[2]

Petitioner's statute of limitations has not yet begun to run. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after completion of all review, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Plaintiff decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

---

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural

-8-

bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  June 25, 2009                             /s/ Janet T. Neff
                                              Janet T. Neff
                                              United States District Judge